**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

RAMON GONZALEZ‑PEREZ,

Defendant‑Appellant.

No. 08-2238
(D.C. No. 08-CR-1820-RB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Defendant Ramon Gonzalez-Perez pleaded guilty to illegal re-entry into the

United States by a removed alien, in violation of 8 U.S.C. §§ 1326(a)-(b).

Pursuant to the plea agreement, he waived his right to appeal his conviction or his

sentence, provided his sentence was within the statutory maximum authorized by

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

law. Defendant's sentence was below the statutory maximum and within the advisory guideline range. Nevertheless, defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, defendant concedes through counsel that his plea and appeal waiver were knowing, intelligent and voluntary, and that there are no valid grounds to object to the government's motion to enforce the appeal waiver. Defendant notes that the government's motion was filed four days late under the deadline established by Tenth Circuit Local Rule 27.2(A)(3)(b), but he does not ask the court to deny the motion on that ground.

Defendant does ask, however, that, rather than dismissing this appeal, it be consolidated with another appeal – appeal number No. 08-2240 – that he has pending in this court. In that appeal, defendant intends to raise an issue that the sentence he received for violating his supervised release should have been ordered to run concurrent, rather than consecutive, to his illegal re-entry sentence. Defendant requests consolidation so that the panel deciding appeal No. 08-2240 has access to the sentencing record of the underlying conviction in this appeal. We deny defendant's request to consolidate this appeal with No. 08-2240. Defendant may, as appropriate, file a motion in appeal No. 08-2240 to supplement the record with any documents which may permissibly be included in that record.

We have reviewed the record and defendant's response, and we conclude that the appeal falls within the scope of the appeal waiver, that defendant knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

Accordingly, we DENY the motion to consolidate this appeal with appeal No. 08-2240, we GRANT the motion to enforce the appeal waiver, and we DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM